1
2
3
4
5
6
7
8
9                    IN THE UNITED STATES DISTRICT COURT
10                   FOR THE EASTERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| **ANTWOINE SCONIERS,**<br><br>                              Petitioner,<br><br>          **v.**<br><br><br>**RICHARD A. CIUMMO AND ASSOCIATES, et al.,**<br><br>                              Respondents. | **Case No. 1:14-cv-02001 MJS (HC)**<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1.)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

        Petitioner filed the instant petition for writ of habeas corpus on December 17, 2014. It appears from the face of the Petition and the attachments thereto that Petitioner is in custody of the County of Fresno while awaiting state criminal proceedings in Fresno County Superior Court.

I.      **DISCUSSION**

        A.      **Screening the Petition**

        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a

1  petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to

2  relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d

3  490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the

4  petition.  Rule 5 of the Rules Governing § 2254 Cases.

5         **B.**    **Pending State Proceedings**

6        As the challenged state proceeding is still being adjudicated, this Court must

7  refrain from granting relief based on abstention grounds, under Younger v. Harris, 401

8  U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

9        Under principles of comity and federalism, a federal court should not interfere

10  with ongoing state criminal proceedings by granting injunctive or declaratory relief

11  absent extraordinary circumstances. Id. at 43-54. The rationale of Younger applies to

12  non-criminal proceedings when important state interests are involved. See Middlesex

13  County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515,

14  73 L. Ed. 2d 116 (1982); SJSVCCPAC v. City of San Jose, 546 F.3d 1087, 1092 (9th

15  Cir. 2008). Younger abstention is required when (1) state proceedings, judicial in nature,

16  are pending; (2) the state proceedings involve important state interests; and (3) the

17  state proceedings afford adequate opportunity to raise the constitutional issue.

18  Middlesex, 457 U.S. at 432. A fourth requirement has been articulated by the Ninth

19  Circuit: that "the federal court action would enjoin the state proceeding or have the

20  practical effect of doing so, i.e., would interfere with the state proceeding in a way that

21  Younger disapproves." SJSVCCPAC, 546 F.3d at 1092 (citing cases).

22        The rationale of Younger applies throughout appellate proceedings, requiring that

23  state appellate review of a state court judgment be exhausted before federal court

24  intervention is permitted. See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11, 95 S. Ct.

25  1200, 43 L. Ed. 2d 482 (1975). Moreover, a petitioner who intends to seek federal

26  habeas corpus relief must await the outcome of his state court appeal before doing so;

27  that appeal may result in reversal of the petitioner's conviction on some other ground,

28  thereby mooting the claims raised in his federal habeas petition. See Sherwood v.

2

1    Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (citations omitted).

2        Here, Petitioner has filed a petition relating to state criminal proceedings that

3    have yet to be fully adjudicated. Petitioner's state criminal proceedings, as well as

4    California's habeas process, afford an opportunity for Petitioner to raise his

5    constitutional challenges.

6        The present petition is not ripe for review, and as Petitioner has not exhausted

7    any of his claims in state court, he is not eligible to stay the present proceedings. The

8    interests set forth in Henderson v. Johnson are not implicated here. 710 F.3d 872, 874

9    (9th Cir. 2013) ("Although district courts cannot adjudicate mixed petitions, Sherwood

10   does not undermine the important precedent requiring district courts first to grant leave

11   to amend and, if requested, to consider a petitioner's eligibility for a stay.") Accordingly,

12   the Court recommends that the petition be dismissed without prejudice.

13   **II.    ORDER AND RECOMMENDATION**

14       The Court RECOMMENDS that the petition for writ of habeas corpus be

15   DISMISSED without prejudice. The Court further directs the Clerk of Court to assign a

16   District Court Judge to the present matter.

17       These findings and recommendations are submitted to the United States District

18   Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

19   (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

20   Eastern District of California. Within thirty (30) days after being served with a copy, any

21   party may file written objections with the Court and serve a copy on all parties. Such a

22   document should be captioned "Objections to Magistrate Judge's Findings and

23   Recommendations." Replies to the objections shall be served and filed within fourteen

24   (14) days (plus three days if served by mail) after service of the objections. The Court

25   will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The

26   parties are advised that failure to file objections within the specified time may result in

27   the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911,

28

2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 19, 2014       /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

4